## RUMSEY *versus* BRAGG.

35 116
98 205

If, before the examination of a witness, his incompetency on the ground of interest be known to the party against whom he is called, the objection must be taken before the testimony is given.

In such a case, if there be an omission to take the objection at the first examination, *it seems* too late to interpose it upon a recall of the witness to testify further.

A question to a witness, in cross-examination, *may* be precluded, if its relevancy to the issue be not made known to the Court.

To the refusal of a Judge to grant a postponement in a trial, it being a matter within his discretion, exceptions are not sustainable.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT upon a promissory note, alleged to have been made by the defendant to P. S. Forbes or bearer, payable at a subsequent day. Upon the back of the paper Forbes had written over his signature the words, " I guaranty the within."

The defendant contended that the note was a forgery ; asserting that, though he gave to Forbes a paper concerning a patent pump which Forbes had left at his house, it was essentially different in its contents from the note, offered in evidence.

The plaintiff called Forbes as a witness. He testified to the execution of the note, and was cross-examined by the defendant ; whereupon the note was read to the jury. Among other inquiries he was asked by the defendant, if he went from the defendant's to Samuel Worth's to sell him a pump. The question was objected to and excluded. Witnesses were then called and examined by the defendant. In a subsequent stage of the trial, the plaintiff recalled Forbes. He was then objected to by the defendant, on the ground of interest in the event of the suit. The objection was overruled, and Forbes testified to facts contradictory to some statements of the defendant's witnesses.

The defendant then moved for a few hours postponement, that he might summon Samuel Worth, who would testify, that Forbes represented to him, that this defendant did not

Rumsey *v.* Bragg.

give any note for the pump, but merely a writing to show that a pump was left there.

The motion was overruled. The verdict was for the plaintiff, and the defendant excepted.

*Lancaster & Baker*, for the defendant.

[The counsel presented an extended and ingenious argument to show the incapacity of Forbes, as a witness, on the ground of interest. As that point was not decided by the Court, it is deemed unnecessary to insert the argument here.]

It was not too late to avail ourselves of the objection to the competency of the witness. *Butler* v. *Tufts*, 13 Maine, 302. It certainly was not too late, when he was recalled and testified to facts as important as those stated in his first examination.

The question put to the witness, whether he went from the defendant's to Samuel Worth's to sell him a pump, was admissible. It was, (as is perfectly apparent,) merely preliminary to further testimony.

The defendant also moved for a new trial.

*Bradbury*, for the plaintiff.

HATHAWAY, J. — The defendant objected that the witness Forbes, introduced by the plaintiff, was incompetent by reason of interest. It is immaterial whether he was so or not. The witness was introduced and examined in chief and cross-examined, and the note was introduced and read to the jury, before any objection was made to the witness. Forbes disclosed no interest by his testimony, which was not as apparent and well known to the defendant before he testified as afterwards.

When a party knows the incompetence of a witness and permits him to be thus introduced and examined without objection, he thereby waives his right to object to him as incompetent in the case.

An objection to a witness on the ground of interest, when it is known, should be made before he is examined in chief. It would be unreasonable that a party, knowing the incompe-

tence of a witness and making no objection to him, till he had learned by his testimony whether it would be beneficial or injurious to his cause, should then be permitted to avail himself of the objection at any time, which might best suit the exigency of his case, during the progress of the trial or the examination of the witness.

The defendant's objection to Forbes was too late. *Shurtleff* v. *Willard*, 19 Pick. 202. The defendant further objects that the Judge refused to permit him to inquire of the witness ". if he went from the defendant's to Samuel Worth's to sell him a pump." The question was probably intended as introductory to something else, but its relevance to the issue is not perceived.

The refusal of the Judge to grant a postponement was in the exercise of a discretionary power, which belonged to him. And we do not perceive any good reason to disturb the verdict.          *Exceptions and motion overruled,*
                              *and judgment on the verdict.*

SHEPLEY, C. J., and WELLS and HOWARD, J. J., concurred.